UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| KRYSTAL THOMAS, individually and as Administratrix of The Estate of William Oaks, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 6: 14-140-DCR ) |
| V. | ) ) |
| WHITLEY COUNTY, KENTUCKY, WILLIAM HARRIS, individually and in his official capacity as Whitley County Deputy Sheriff, and WHITLEY COUNTY SHERIFF'S OFFICE, | ) ) **MEMORANDUM OPINION** ) **AND ORDER** ) ) ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff Krystal Thomas's motion to remand this action to the Whitley Circuit Court. [Record No. 10] Thomas urges the Court to decline supplemental jurisdiction over her state-law claims. Defendants Whitley County, William Harris, and the Whitley County Sheriff's Office oppose the motion. [Record No. 11] For the reasons set forth below, the Court will grant Thomas's motion and the case will be remanded to the Whitley Circuit Court for further proceedings.

The plaintiff's claims arise out of the death of her father, William Oaks. Mr. Oaks disappeared in January 2014. [Record No. 1-2, p. 2] According to the plaintiff, the defendants failed to respond to a dispatch request reporting that an elderly man was crawling along a portion of Interstate 75. [*Id.*] The plaintiff also asserts that the defendants failed to

-1-

issue a Golden Alert[1] and prevented family members from filing a missing person's report. [*Id.*, p. 3] Tragically, Oaks was later found deceased. [*Id.*]

On May 16, 2014, Thomas filed suit in the Whitley Circuit Court, individually and in her capacity as the Administratrix of the Estate of William Oaks, alleging eight causes of action against the defendants. [Record No. 1-2] Six counts set out state-law claims, including allegations of negligence, negligence *per se*, wrongful death, and of a violation Kentucky's Golden Alert statute, KRS 39F.180. [*Id.*] Two additional counts alleged federal constitutional violations under 42 U.S.C. § 1983. [*Id.*] On June 16, 2014, the defendants removed the case to this Court on the basis of federal jurisdiction involving the § 1983 claims. [Record No. 1] Three weeks later, Thomas voluntarily dismissed the federal claims. [Record No. 6] Now, she moves to remand the case to state court, arguing that her remaining claims are premised solely on Kentucky law. [Record No. 10] Due to the timing of the plaintiff's motion, a scheduling order has not been entered and discovery has not commenced. Thus, the question presented is whether the Court should retain jurisdiction over the remaining state law claims.

Dismissal of federal claims from a lawsuit does not, in itself, deprive federal courts of supplemental jurisdiction. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009). Instead, the doctrine of supplemental jurisdiction gives district courts broad discretion to determine whether to exercise jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

---

[1] Kentucky's Golden Alert statute provides for reports of search and rescue missions for minors, the elderly, and the impaired. KRS § 39F.180.

Generally, when all federal claims are dismissed before trial, the balance of considerations favors dismissing the state-law claims or remanding them to state court if the action was removed. *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). There are, however, circumstances where district courts should retain supplemental jurisdiction even if the underlying federal claims have been dismissed. In determining whether to retain jurisdiction over state-law claims, a district court should balance the values of judicial economy, convenience to the parties, and comity to state courts. *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 172-73 (1997). This includes the interest in not "needlessly deciding state law issues." *Harper v. Auto Alliance International, Inc.*, 392, F.3d 195 (6th Cir. 2004). The Court may also "consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). If the plaintiff has attempted to "manipulate the forum," this behavior is taken into account in determining whether the balance of factors supports a remand. *Id.*

In the present case, Thomas has engaged in forum-manipulation by voluntarily eliminating her federal-law claims only after the defendants removed the lawsuit to federal court. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (forum manipulation occurred where the plaintiffs amended their complaint to eliminate all federal claims after removal). The plaintiff's hasty dismissal of her § 1983 claims upon removal is a clear attempt to avoid federal court. This factor weighs in favor of retaining supplemental jurisdiction. *Id.; see also Carnegie-Mellon*, 484 U.S. at 350; *Harper*, 392 F.3d at 211-12 (retention of supplemental jurisdiction was appropriate where the plaintiff engaged in forum manipulation by dismissing federal claims eleven months after removal).

However, the remaining factors do not favor this Court exercising supplemental jurisdiction over the state-law claims. First, because federal claims are no longer at issue, judicial economy would not be served by exercising supplemental jurisdiction. The case has not progressed to discovery and this Court has been only minimally involved in the proceedings. Unlike *Harper*, where the district court invested significant time in the litigation before the plaintiff removed all federal-law claims from his complaint, Thomas dismissed her federal claims within a month of removal to federal court. [Record No. 6] Also, unlike *Harper*, there is no "potentially dispositive motion for summary judgment" currently pending before this Court. *See Harper*, 392 F.3d at 211-12. Remand will conserve the resources of this Court without prejudicing either party. In short, the defendants have not shown that any "substantial savings in judicial resources would be gained" by retaining jurisdiction. *DePiero v. City of Macedonia*, 180 F.3d 770, 790 (6th Cir. 1999).

Second, the risk of inconvenience is negligible. All the necessary parties before the Court will remain parties before the state court on remand. *See Emlyn Coal Processing of Minn., LLC v. Xinergy Corp.*, 2011 U.S. Dist. LEXIS 56730 (E.D. Ky. May 19, 2011) (no inconvenience or unfairness in remanding when all necessary parties would remain parties in state court). Likewise, nothing in the parties' briefs or the record indicates remand would cause inconvenience, given the early stage of the litigation. Thus, this factor weighs also in favor or remand.

Finally, the remaining claims are based upon state law. And comity to state courts is a substantial interest that carries a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Thomas' remaining claims for negligence, negligence *per se*,

wrongful death, vicarious liability, and violation of Kentucky's Golden Alert statute [Record No. 1-2] can easily be decided by Kentucky courts.  Remand to Whitley Circuit Court is particularly appropriate especially in light of the dearth of Kentucky precedent under the Golden Alert statute.

Ultimately, the only factor weighing in favor of exercising supplemental jurisdiction is the plaintiff's forum manipulation.  While that is a serious concern, standing alone, it is not sufficient to warrant retaining jurisdiction over the state-law claims.  *Gamel*, 625 F.3d at 953.  Accordingly, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion to remand [Record No. 10] is **GRANTED**.

2. The case is **REMANDED** to the Whitley Circuit Court for further proceedings.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

This 23rd day of October, 2014.



Signed By:
Danny C. Reeves  DCR
United States District Judge